IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COREY DEWAYNE PHILLIPS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-07-0391 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

The petitioner, Corey Dewayne Phillips, seeks habeas corpus relief under 28 U.S.C. § 2254. He challenges a capital murder conviction in the 178th Judicial District Court of Harris County, Texas. The issue in this 2002 federal petition is whether it was filed too late. This court finds that under 28 U.S.C. § 2244(d)(1), the petition is barred by limitations and must be dismissed. The reasons are explained below.

**I.   Background**

Phillips was tried and convicted of the felony offense of capital murder. (Cause Number 856244). On October 31, 2002, the court sentenced Phillips to life imprisonment. The Fourteenth Court of Appeals of Texas affirmed Phillips's conviction on March 11, 2004. Phillips did not file a petition for discretionary review in the Texas Court of Criminal Appeals. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 2); *see also* Texas Judiciary Website, http://www.14thcoa.courts.state.tx.us/opinions/.

Phillips filed an application for state habeas corpus relief on September 15, 2005. The Texas Court of Criminal Appeals denied the application without written order, on findings of the trial court, without a hearing, on December 6, 2006. *Ex parte Phillips*, Application No. 64,950-01 at cover.

On January 29, 2007, this court received Phillips's federal petition. The petition was filed when Phillips gave it to the prison authorities for mailing to the district court. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). This court presumes that Phillips put his federal petition in the prison mail on the date he signed it, January 19, 2007. *Sonnier v. Johnson*, 161 F.3d 941, 945 (5th Cir. 1998).

Phillips contends that his conviction is void for the following reasons:

(1) trial counsel rendered ineffective assistance by failing to request a jury instruction on the affirmative defense of mistake of fact;

(2) trial counsel failed to comprehend the law of parties;

(3) the state court erred in finding that counsel timely informed Phillips that his conviction had been affirmed;

(4) trial counsel failed to object to the trial court's supplemental instruction as a comment on the weight of the evidence;

(5) trial counsel failed to highlight Williams's independent impulses;

(6) trial counsel rendered ineffective assistance by failing to elicit evidence of Phillips's mistaken belief that the party had no intent to kill; and

>   (7) trial counsel rendered ineffective assistance by failing to request a jury instruction for felony murder.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 4-21).

## II. The Issue of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions filed after April 24, 1996. A district court may raise limitations and dismiss a petition before answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4). In *Day v. McDonough*, 547 U.S. 198 (2006), the Supreme Court held that a district court raising the timeliness of a state prisoner's habeas petition must give the parties notice and an opportunity to present their positions.

In an order entered on April 6, 2007, this court ordered Phillips to file a written statement by May 11, 2007, showing why his petition should not be dismissed as time-barred under 28 U.S.C. § 2244(d).[1] (Docket Entry No. 6). The order instructed Phillips to identify grounds to support his argument that the statute of limitations did not bar his habeas claims. Phillips was told that a failure to comply could result in the dismissal of this case.

---

[1] *See Day v. McDonough*, 547 U.S. 198 (2006).

On April 23, 2007, Phillips notified this court of his change of address. (Docket Entry No. 7). Although Phillips signed the pleading, a different inmate mailed it to this court. Because the April 6, 2007 order was not returned as undeliverable, it appeared that Phillips had received that order. The court learned through telephone inquiry that Phillips was transferred to the French Robertson Unit on March 23, 2007. On May 18, 2007, the court directed the Clerk to remail a copy of the April 6, 2007 order to Phillips's new address at the French Robertson Unit. (Docket Entry No. 8). In that order, Phillips was instructed to file by June 25, 2007, a written statement showing why his petition should not be dismissed as time-barred under 28 U.S.C. § 2244(d). Phillips has not complied with that order. In a letter dated June 18, 2007, Phillips stated that in response to the April 4, 2007 order, he had sent several documents to a family member on April 17, 2007. (Docket Entry No. 9). Phillips stated that he had instructed the family member to make copies of the documents and send them to the court. (*Id.*). Phillips explained that these documents could demonstrate that his federal petition was timely and asked whether this court had received them. (*Id.*).

There is no indication on the record that Phillips or anyone acting on his behalf has filed any documents. Phillips acknowledged receipt of this court's order entered on April 6, 2007 but did not comply with that order. Nor did Phillips comply with this court's May 18, 2007 order. Phillips was admonished that failure to comply could result in the dismissal of this case.

The record shows that limitations bar Phillip's suit. The relevant statute provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The limitations period began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*, § 2244(d)(1)(A). Phillips's conviction became final when the time for filing

a petition for discretionary review expired. The Fourteenth Court of Appeals affirmed Phillips's conviction on March 11, 2004, giving him until April 10, 2004, to file a petition for discretionary review. TEX. R. APP. P. 68.2(a). Phillips did not file a petition for discretionary review. Absent tolling, the one-year limitations period ended on April 10, 2005.

Phillips waited until January 19, 2007 before filing his federal petition. His claims are time-barred unless he can show tolling or a statutory or equitable exception.

A properly filed application for state post-conviction relief tolls limitations. 28 U.S.C. § 2244(d)(2)(West 1997). Phillips waited until September 15, 2005 before filing his state habeas application. The Texas Court of Criminal Appeals denied that application on December 6, 2006. Phillips's state habeas application did not toll the limitations period because he did not file it until after the limitations period had ended. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

The AEDPA's one-year statute of limitations can be equitably tolled, but only in cases presenting "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *see also Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001). "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting

*Davis*, 158 F.3d at 810). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *cert. denied*, 529 U.S. 1057 (2000); *see also Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). Neither "a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 120 S. Ct. 504 (1999).

Phillips does not identify any grounds for equitable tolling and the record discloses none. *See, e.g., Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (confiscation of legal materials and an inadequate law library did not establish grounds for equitable tolling when the alleged impediments to filing a federal petition were removed six months before the end of the limitations period), *cert. denied*, 532 U.S. 963 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.) (alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling), *cert. denied*, 531 U.S. 1035 (2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.) (unfamiliarity with the legal process and lack of representation during the applicable filing period did not merit equitable tolling), *cert. denied*, 528 U.S. 1007 (1999). Phillips's delay in filing his state habeas application mitigates against the application of the tolling doctrine. *Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000).

Phillips may not rely on his status as an unskilled layperson to excuse the delay in filing this petition. Ignorance of the law and lack of legal assistance generally do not excuse late filing. *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000); *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999); *Davis v. Johnson,* 158 F.3d 806, 808-12 (5th Cir. 1998); *Barrow v. S.S. Ass'n,* 932 F.2d 473, 478 (5th Cir. 1991). *See United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993) (an inmate's *pro se* status, illiteracy, deafness, or lack of legal training do not amount to factors external to the inmate that excuse an abuse of the writ); *Saahir v. Collins,* 956 F.2d 115, 118-19 (5th Cir. 1992) (holding that neither prisoner's *pro se* status nor ignorance of the law constitutes "cause" for failing to include legal claim in prior petition); *see also Worthen v. Kaiser,* 952 F.2d 1266, 1268-68 (10th Cir. 1992) (petitioner's failure to discover the legal significance of the operative facts does not constitute cause). Proceeding *pro se* is not a "rare and exceptional" circumstance that justifies the equitable tolling of limitations. *Pro se* litigants are the rule, not the exception, in section 2254 suits. *Cf. United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993). Phillips's *pro se* status does not present a rare and exceptional circumstance that excuses the delay in filing his federal habeas petition.

Phillips does not satisfy any of the exceptions to the AEDPA statute of limitations. The record does not indicate that any unconstitutional state action prevented Phillips from filing an application for federal habeas relief before the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Phillips's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

28 U.S.C. § 2244(d)(1)(C). Phillips's claims relate to the trial that occurred on October 31, 2002. Phillips has not shown that he did not know of the factual predicate of his claims earlier. 28 U.S.C. § 2244(d)(1)(D).

Because Phillips's federal petition was filed too late, it is dismissed.

### III. Conclusion

This suit is dismissed. Any remaining pending motions are denied as moot. A Certificate of Appealability will not issue. The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Finley v. Johnson*, 243 F.3d 2150, 218 (5th Cir. 2001). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. 484. Phillips has not shown that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason

would find it debatable whether this court was correct in its procedural ruling. This court will not issue a COA.

   SIGNED on June 26, 2007, at Houston, Texas.

                _____
                   Lee H. Rosenthal
                  United States District Judge